IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

OMAR JUAREZ ANDRADE                                              PETITIONER

v.                                          CIVIL ACTION NO. 3:25-cv-822-KHJ-MTP

WARDEN CHILDRESS                                                RESPONDENT

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Petitioner Omar Juarez Andrade's Petition [4] for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Having considered the parties' submissions and the applicable law, the undersigned recommends that the Petition be dismissed.

## BACKGROUND

On July 6, 2015, Petitioner was sentenced in the Eastern District of California to a 151-month term of imprisonment for conspiracy to distribute methamphetamine. [7-1] at 1. He is currently housed at the Federal Correctional Complex in Yazoo City, Mississippi. *Id.*

Petitioner filed the instant Petition [4] under 28 U.S.C. § 2241 arguing that he has earned First Step Act ("FSA") time credit,[1] which the Bureau of Prisons ("BOP") erroneously refuses to apply to his sentence. Specifically, Petitioner wants the BOP to award him time credits "for accrued programming days for the time endured on lockdown during Global COVID-19 Pandemic from January 2020 to January 2023." [4] at 1.

On March 4, 2026, Respondent filed a Response in Opposition [7] arguing that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies

---

[1] *See* 18 U.S.C. § 3632. The First Step Act provides eligible inmates with opportunities to participate in and complete recidivism reduction programs or productive activities which offer the inmates potential reductions in their sentences.

prior to filing this action, and because Petitioner is not entitled to the application of any FSA time credits as he is the subject of a final order of removal. [7] at 2, 6.

Petitioner filed no reply. This matter is now ripe for review.

**ANALYSIS**

*Exhaustion*

Before seeking habeas relief pursuant to 28 U.S.C. § 2241, a federal inmate must exhaust his administrative remedies through the BOP. *Rourke v. R.G. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). "[P]roper exhaustion of administrative remedies is necessary," and the exhaustion requirement is not satisfied by "filing an untimely or otherwise procedurally defective grievance or appeal." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006); *see also Herrera-Villatoro v. Driver*, 269 Fed. App'x. 372 (5th Cir. 2008).

There are exceptions to the exhaustion requirement, but these exceptions only apply in "extraordinary circumstances." *Broderick v. Chapman*, 364 Fed. App'x. 111, 112 (5th Cir. 2010). "'Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action.'" *Fuller*, 11 F.3d at 62 (quoting *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985)). A petitioner seeking waiver of the exhaustion requirement bears the burden of demonstrating the futility of administrative review. *Id*.

Pursuant to 28 C.F.R. §§ 542.13-542.15, the BOP has a multi-step administrative process for resolving prisoner complaints. Initially, an inmate must attempt to informally resolve the complaint with staff. Thereafter, the inmate must submit a request for administrative remedies to the warden. If the inmate is dissatisfied with the warden's response, he may appeal to the

Regional Director. If the inmate remains dissatisfied, he may proceed to the final step of the grievance process, an appeal to the BOP's Office of General Counsel.  *See* 28 C.F.R. §§ 542.13-542.15; [7] at 3.

Respondent argues that the Petition [4] should be denied for Petitioner's failure to exhaust the administrative review process. In support, Respondent submitted a declaration of Amy Landers, a Paralegal at the Federal Correctional Complex in Yazoo City. *See* [7-1]. According to Landers, Petitioner "has failed to file any administrative remedies raising his concerns regarding the request to be awarded credit for time endured during the COVID-19 lockdown or the application of his credits toward pre-release placement under FSA." [7-1] at 3. Thus, Respondent argues that Petitioner did not initiate the administrative remedies process, much less exhaust the process.

Petitioner argues that exhaustion is not required, and even if it were, it would be futile because the administrative remedy process would "only delay petition to Court based on predetermined position with regards to FSA implementation and systematic failure to timely implement FSA statute."  [4] at 4-6.

Petitioner bears the burden of demonstrating the futility of administrative review. *See Fuller*, 11 F.3d at 62. Here, Petitioner raises general allegations about the effectiveness of administrative remedies at the prison but does not explain what efforts, if any, *he* made to exhaust administrative remedies. Indeed, as mentioned above, Respondent provides a declaration from Amy Landers stating that Petitioner did not file any formal requests concerning his earned credits. *See* [7-1] at 3.

Moreover, the fact that it takes time to exhaust administrative remedies does not excuse a petitioner from completing the process. The Supreme Court has held that even inmates who may

be entitled to immediate release must exhaust administrative remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 494-95 (1973). The Supreme Court also noted that while exhaustion of remedies may take time, "there is no reason to assume that . . . prison administrators . . . will not act expeditiously." *Id*.

Furthermore, "the fact that a petitioner believes his grievances will be denied does not make the remedy futile." *Ansari v. Ma'at*, 2022 WL 4493002, at *2 (W.D. La. Sept. 13, 2022); *see also Mercado-Pedroza v. Warden*, 2018 WL 1310008, at *3 (E.D. Tex. Feb. 13, 2018) ("the fact that petitioner believes his appeals would be denied or not responded to is not sufficient to establish the extraordinary circumstances required to excuse exhaustion"). "Even if the BOP is likely to deny relief, it does not make exhaustion futile." *Wy v. Berkebile*, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008).

Because Petitioner cannot show extraordinary circumstances that would warrant waiving the exhaustion requirement, the Petition should be dismissed.

### *Final Order of Removal*

Respondent also argues that the Petition [4] should be dismissed because Petitioner is ineligible for application of any earned FSA time credits as he is subject to a final order of removal. [7] at 7. In support, Respondent submitted Petitioner's Final Order of Removal and a statement by Landers affirming that Petitioner is the subject of a final order of removal. *See* [7-1]; [7-3]. Petitioner does not mention the final order of removal.

Indeed, a prisoner subject to a final order of removal is ineligible to apply time credits. *See* 18 U.S.C. § 3632(d)(4)(E)(i) ("A prisoner is ineligible to apply time credits . . . if the prisoner is the subject of a final order of removal . . ." ); *Duarte-Varsquez v. Warden*, 2024 WL 4864618, at *3 (E.D. Tex. Oct. 28, 2024) ("a prisoner is ineligible to apply time credits if the

prisoner is the subject of a final order of removal"); *Peña v. Warden*, 2024 WL 3174524, at *1 (W.D. La. May 9, 2024) ("prisoners with final orders of removal remain ineligible to apply [First Step Act] credits"); *United States v. Mendoza*, 2025 WL 35878, at *2 (N.D. Tex. Jan. 6, 2025) ("under 18 U.S.C. § 3632, a prisoner is ineligible to apply time credits if he or she is the subject of a final order of removal") (quotations omitted).

Because Petitioner is subject to a final order of removal, he has failed to demonstrate that he is eligible to apply any First Step Act time credits, and the Petition [4] should be dismissed.

### CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petition [4] for Writ of Habeas Corpus be DISMISSED with prejudice.

### NOTICE OF RIGHT TO OBJECT

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This 30th day of March, 2026.

s/ Michael T. Parker
United States Magistrate Judge